Judge B. FLETCHER,
dissenting.
I respectfully dissent. Because Mrs. Woodworth has presented a reasonable interpretation of the exclusion, and because Idaho law requires a court to construe ambiguous exclusions in an insurance contract strictly against the insurer, the district court erred grievously in granting summary judgment to Stonebridge.
Under Idaho law, the first step in interpreting an insurance contract is to determine whether the language of the insurance policy is plain, clear, and unambiguous. Clark v. Prudential Property and Cas. Ins. Co., 138 Idaho 538, 66 P.3d 242, 244-45 (2003) (citing Martinez v. Idaho Counties Reciprocal Management Program, 134 Idaho 247, 999 P.2d 902, 905 (2000)). “Determining whether a contract is ambiguous is a question of law upon which [the court] exercises free review.” Id. (citing Martinez, 999 P.2d at 905). “Where the policy language is clear and unambiguous, coverage must be determined, as a matter of law, according to the plain meaning of the words used.” Id. (citing Mutual of Enumclaw Ins. Co. v. Roberts, 128 Idaho 232, 912 P.2d 119, 122 (1996)). ‘Where the policy is reasonably subject to differing interpretations,” however, “the language is ambiguous and its meaning is a question of fact.” Id. (citing Moss v. Mid-America Fire and Marine Ins. Co., 103 Idaho 298, 647 P.2d 754, 756 (1982)). “A provision that seeks to exclude the insurer’s coverage must be strictly construed in favor of the insured.” Arreguin v. Farmers Ins. Co. of Idaho, 145 Idaho 459, 180 P.3d 498, 500 (2008) (citing Moss, 647 P.2d at 756). The “burden is on the insurer to use clear and precise language if it wishes to restrict the scope of its coverage.” Id.
We are dealing with an exclusion. The insurance policy excludes “Loss caused by or resulting from: ... an injury while the Covered Person is acting as a pilot or crew member in an aircraft.” Mrs. Woodworth argues that the exclusion for “acting as a pilot” is reasonably interpreted to mean acting as a pilot at the time of the crash. She is right. She also argues that the plane in which Mr. Woodworth lost his life did not require a “crew” since it required no second pilot or other persons to operate; that a reasonable person would not consider a flight instructor to be a member of a crew; and that in any event, as with the “acting as a pilot” exclusion, it is impossible to know what Mr. Woodworth was actually doing at the time of the crash. I agree with Mrs. Woodworth. These are reasonable interpretations of the exclusionary clause. Because the exclusionary language is reasonably subject to at least two interpretations, the language is ambiguous. See Arreguin, 180 P.3d at 501. Stone-bridge, as the insurer, therefore “bears the burden to use clear and precise language when restricting the scope of coverage.” Id. at 502. Stonebridge has not met this burden; if Stonebridge had intended its provision to exclude coverage for flight instructors, it should have said so in the contract. I, therefore, would hold that the exclusionary provision is ambiguous. I would reverse the district court’s grant of summary judgment to Stonebridge and would grant summary judgment to Mrs. Woodworth.